Dennis M. Alford, Plaintiff Pro Se
28125 Lobrook Dr.
Rancho Palos Verdes, CA 90275-3133

**FILED**
CLERK, U.S. DISTRICT COURT

July 5, 2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RM_____ DEPUTY

I/S 21

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA    -SJO(CWx)

| | |
|---|---|
| DENNIS M. ALFORD, | Case No. : CV13-4728-UA  CW(x) |
| Plaintiff, | **VERIFIED COMPLAINT SEEKING:** |
| v. | **1) VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5; 2) DECLARATORY RELIEF; 3) INJUNCTIVE RELIEF; 4) QUIET TITLE** |
| 1) LASALLE BANK NA, as Trustee for WASHINGTON MUTUAL PASS-THROUGH CERTIFICATES WMALT SERIES 2007-OA2; 2) JP MORGAN CHASE BANK NATIONAL ASSOCIATION; 3) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and 4) DOES 1 THROUGH 10, INCLUSIVE | |
| Defendants. | |

### PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Dennis M. Alford, (hereinafter referred as "Plaintiff"), alleges herein as follows:

1. Plaintiff is a resident of the County of Los Angeles, State of California.

2. Plaintiff, through a special power of attorney and grant deed upon the property, attached hereto as ("EXHIBIT A"), is the lawful owner of a parcel of Real Property, (hereinafter "Subject Property"), commonly known as: 28125 Lobrook Dr. Rancho Palos Verdes, CA 90275-3133.

3. The Subject Property is located in Los Angeles County, State of California.

4. Through belief, Defendant, ("Defendant"), LASALLE BANK N.A. ("LASALLE"), is a national banking association organized and existing outside of California. At all relevant times, LASALLE has

LODGED

2013 JUN 28  PM 3: [illegible] 
CLERK U.S. DISTRICT C[illegible]
CENTRAL DIST. OF CA
LOS ANGELES
BY

transacted and continues to transact business throughout the State of California, including Los Angeles County.

5.      Through belief, Defendant, JP MORGAN CHASE BANK NATIONAL ASSOCIATION, ("JPMORGAN"), is a foreign business corporation organized under the laws of the New York with its headquarters and principal place of business located in New York. At all relevant times, JPMORGAN has transacted and continues to transact ongoing business in the County of Los Angeles, State of California.

6.      Through belief, Defendant, ("Defendant"), Mortgage Electronic Registration Systems, Inc., ("MERS"), is at all times herein mentioned was conducting ongoing business in the County of Los Angeles, State of California. Through belief, MERS is a foreign corporate entity organized under the laws of the State of Delaware. The address of its headquarters and primary place of business 1818 Library Street, Suite 300 Reston, VA 20190.

7.      Plaintiff is unaware of the true names of Defendants, ("Defendants"), sued as DOES 1 through 10 and therefore sues these Defendants by fictitious names as persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the Subject Property described in the Complaint. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

8.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1332. The Plaintiff is a resident of California and each of the Defendants are foreign business entities organized and existing outside of California. See ¶¶ 1-6, *supra*.

9.      The amount in controversy exceeds $75,000.

10.     Venue lies in this District pursuant to 28 USC § 1391(b). The Subject Property at issue in the present lawsuit is located within the territorial limits of Los Angeles County, State of California.

## ALLEGATIONS

2

**VERIFIED COMPLAINT**

11.     Through belief, Plaintiff alleges that at all times herein mentioned each of the Defendants sued was the agent and employee of each of the remaining Defendants. Plaintiff alleges that each and every Defendant ratified the conduct of each and every other Defendant. Plaintiff further alleges that at all times said Defendants were acting within the purpose and scope of such agency and employment.

12.     On or about October 2, 2006, a residential loan, ("PLAINTIFF's LOAN"), was made to Denise R. Richey and Catherine Freeman as joint tenants ("JTENNANT").

13.     On or about October 2, 2006, JTENNANT executed a note, ("NOTE"), promising to pay LOAN LINK FINANCIAL SERVICES, ("LOANLINK"), in monthly payments.

14.     Also on or about October 2, 2006, JTENNANT executed a DEED OF TRUST document, ("DOT"), filed of record, which cited the lender as LOANLINK and the Beneficiary as MERS.

15.     Plaintiff alleges that after the loan was originated and funded it was sold, bundled into a group of Notes and subsequently sold to investors as a derivative "Mortgage Backed Security", entitled WASHINGTON MUTUAL PASS-THROUGH CERTIFICATES WMALT SERIES 2007-OA2, ("TRUST"), and that therefore none of the Defendants own this loan, or NOTE, and cannot be and are not the Beneficiary under the DOT, or lawfully appointed Trustee under the DOT and have no right to declare a default, to cause notices of foreclosure sale to issue or to be recorded, or to foreclose on Plaintiff's interest in the Subject Property.

16.     The Pooling and Servicing Agreement for the TRUST, ("PSA"), prohibits transactions after its cut-off date. The three (3) Assignments of Deed of Trust, described *infra*, occurred subsequent to this cut-off date. The PSA and the TRUST are subject to New York law. The cut-off date for the TRUST is June 1, 2006. The closing date is June 29, 2006.

17.     The Plaintiff is not a third party beneficiary of the PSA. Plaintiff never agreed to be bound by the terms of the PSA.

18.     LASALLE is claiming to be the Trustee for the TRUST. Through belief, LASALLE is also claiming

3
**VERIFIED COMPLAINT**

to be the Trustee for the actual stock certificates.

19.    JPMORGAN is claiming to be the servicer of PLAINTIFF's LOAN.

20.    MERS is claiming to be a beneficiary under the DOT.

21.    Through belief, when a promissory note gets securitized, it ceases to remain a negotiable instrument and becomes a security. If Defendants attempt to characterize a loan as both a security and a negotiable instrument, it is called "double dipping". Plaintiff believes that "double dipping" is fraudulent and a SEC violation.

22.    The gravamen of Plaintiff's Claims is, 1) Defendants have not complied with California Civil Code § 2923.5 and therefore any non-judicial foreclosure is wrongful; 2) Defendants have created a fraudulent and misleading chain of title; 3) Defendants and the TRUST are not holders or holders in due course of the NOTE and 4) Defendants and the TRUST are not beneficiaries under the DOT. Accordingly, any foreclosure of the Subject Property is unlawful and wrongful and the Defendants have no standing to foreclose the Subject Property in the future.

23.    LASALLE, JPMORGAN, the TRUST, their successors in interest, and MERS do not fall within any of the classifications of holders in due course of the NOTE. The NOTE is not "bearer paper" and since its securitization, it is no longer a negotiable instrument.

24.    LASALLE, JPMORGAN, the TRUST, their successors in interest, and MERS have not suffered any financial loss relating to the PLAINTIFF's LOAN. More importantly, the certificate holders of the TRUST have not suffered any financial harm, as follows:

   a)  The TRUST's Master Servicer is required to make payments to the TRUST when loan payments are not made;

   b)  The Master Servicer is not a party with legal or equitable interest in the DOT;

   c)  TRUST passes payments made by the Master Servicer through to the certificate holders;

   d)  These payments are received as interest and not as a loan;

   e)  1009 forms issued by the Trustee to each investor, through belief, treats each advance as a payment of interest and not as a loan which must be repaid by the investor;

4
**VERIFIED COMPLAINT**

f)   The Master Servicer's claim is not secured;

g)   The requirement for the Master Servicer to make payments is a concession given by the Master Servicer as an inducement to convince the Trustee to use its service;

h)   The payments were not made for the benefit of the borrower.

25.   LASALLE, JPMORGAN, the TRUST, their successors in interest, and MERS have never been the real party in interest as a lender or financial institution underwriting PLAINTIFF's LOAN. Defendants are strangers to PLAINTIFF's LOAN.

26.   As a Constitutional matter, at a minimum, a party is required to suffer some actual or threatened injury as a result of Defendant's conduct to successfully assert a claim.

27.   The PSA states that all intervening assignments and endorsements leading up to their inclusion in the TRUST must be present. This procedure has not been followed.

28.   California law provides that the power of sale can only vest in a person entitled to payments.

29.   The Plaintiff alleges that the only individual who has standing to foreclose is the holder of the NOTE because they have a beneficial interest. The only potential holders of the NOTE are the certificate holders of the TRUST because they are the end users and pay taxes on their interest gains; furthermore, all of the banks and Defendants in the middle were paid in full.

30.   The NOTE and the DOT executed by Plaintiff in favor of the original lender were not properly assigned and/or transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA.

31.   The PSA requires that each Note or Deed of Trust had to be endorsed and assigned, respectively, to the TRUST and executed by multiple intervening parties before it reached the TRUST. In the present case, because the PLAINTIFF's LOAN was merely pledged to the TRUST, neither the NOTE nor the DOT was transferred/negotiated or assigned to the TRUST by the closing date. Therefore, under the PSA and applicable law, any assignment of the DOT beyond the specified closing date for the TRUST is void.

32.   Plaintiff alleges that even if the DOT had been transferred into the TRUST by the closing date, the

transaction is still void as the NOTE would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party. Documents filed with the SEC by the securitization participants allegedly claim that the NOTE and DOT at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages into the TRUST.

33.     Plaintiff alleges that after the TRUST's closing date, the TRUST had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment.

34.     Plaintiff alleges that as of the date of the filing of this Complaint, the DOT had not been legally assigned from the Originator, LOANLINK to the TRUST or LASALLE.

35.     Plaintiff alleges the Originator, LOANLINK, sold its interest in the PLAINTIFF's LOAN and was paid in full.

36.     Plaintiff believes that Defendant, LASALLE, alleges that it is the "holder and owner" of the NOTE and/or the beneficiary under the DOT.  However, the NOTE and DOT identify the Originator, LOANLINK as the holder and no perfected chain of title exists between LOANLINK and LASALLE.

37.     In the alternative, Plaintiff believes that Defendant, JPMORGAN, alleges that it is the "holder and owner" of the NOTE and/or the beneficiary under the DOT.  However, the NOTE and DOT identify the Originator, LOANLINK as the holder and no perfected chain of title exists between LOANLINK and JPMORGAN.

38.     In the alternative, Plaintiff believes that Defendant, MERS, alleges that it was the beneficiary under the DOT.  However, MERS is not a beneficiary under the DOT.

39.     Plaintiff alleges that <u>no</u> documents or records have been produced that demonstrate that prior to the closing date for the TRUST, the NOTE was duly endorsed, transferred and delivered to the TRUST, including all intervening transfers. Nor have any documents or records been produced that demonstrate that prior to the closing date, the DOT was duly assigned, transferred and delivered to the TRUST, including all

1  intervening assignments.

2  40.    Plaintiff alleges that any documents that purport to transfer any interest in the NOTE to the TRUST

3  after the TRUST's closing date are void as a matter of law, pursuant to the applicable trust law and relevant

4  portions of the PSA.

5  41.    Plaintiff alleges that the purported assignments and transfers of PLAINTIFF's LOAN debt or

6  obligation did not comply with the applicable laws and statutes, and, thus, do not constitute valid and

7  enforceable "True Sales." Any security interest in the Subject Property was therefore never perfected. The

8  alleged holder of the NOTE is not the beneficiary of the DOT. The alleged beneficiary of Plaintiff's DOT

9  does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party

10 in interest with regard to any action taken or to be taken against the Subject Property.

11 42.    Any assignment of a DOT without proper transfer of the obligation that it secures is a legal nullity.

12 43.    As set forth *supra*, Defendants, or their predecessors in interest, violated the express terms of the PSA

13 which along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization

14 document created by the finance and securitization industry to memorialize a particular securitization

15 transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to

16 each other, and is a public document on file with the SEC. More specifically, the PSA requires strict

17 compliance with its procedures and timelines in order for the parties to achieve their specific objectives.

18 44.    Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to

19 investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for

20 originating loans, and to provide investments to bond holders which were expected to be relatively safe. The

21 procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate

22 Mortgage Investment Conduit (hereinafter "REMIC") Act were observed, and whereby the Issuing Entities

23 and the Lenders would be protected from either entity going into bankruptcy. In order to achieve the desired

24 "bankruptcy remoteness," two "True Sales" of the loans had to occur, in which loans were sold and

7

**VERIFIED COMPLAINT**

transferred to the different parties to the securitization. As stated *supra*, an actual sale did not occur. The PLAINTIFF's LOAN was thereby only pledged to the TRUST. Accordingly, the REMIC status of the TRUST, and the SEC regulations were violated by this double dipping.

45.    The PSA requires the Trustee for the TRUST to actually hold the TRUST's assets, in this case, the NOTE and DOT.

46.    A "True Sale" of the loan would be a circumstance whereby one party owned the NOTE and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the NOTE. The NOTE would be transferred, and the DOT assigned to the buyers of the NOTE, with an Assignment made every step of the way, and, furthermore, the NOTE would be endorsed to the next party by the previous assignee of record.

47.    In order for the Trustee of the TRUST to have a valid and enforceable secured claim against Subject Property, the Trustee must prove and certify to all parties that, among other things required under the PSA:

a)   There was a complete and unbroken chain of endorsements and transfers of the NOTE from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) TRUST, and that all of these endorsements and transfers were completed prior to the Trust closing dates (see discussion below); and

b)   The Trustee of the TRUST had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed.  Absent such proof, Plaintiff alleges that the TRUST cannot demonstrate that it had perfected its security interest in Subject Property that is the subject of this action.  Therefore, if the Defendants, and each of them, did not hold and possess the NOTE on or before the closing date of the TRUST, they are estopped and precluded from asserting any secured or unsecured claim in this case.

48.    Plaintiff alleges that pursuant to the terms of the PSA, the Originator, LOANLINK, agreed to transfer and endorse to the Trustee for the TRUST without recourse, including all intervening transfers and

assignments of its right, title and interest in and to the NOTE and all other mortgage loans identified in the PSA.

49.     Plaintiff alleges that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a bona fide or "True Sale."  Since, as alleged, True Sales did not actually occur, Plaintiff alleges that the Trustee for the TRUST is estopped and precluded from asserting any secured or unsecured claim in this case.

50.     Plaintiff alleges that as a result of the PSA and other documents signed under oath in relation thereto, the Originator, Sponsor and Depositor[1] are estopped from claiming any interest in the NOTE that is allegedly secured by the DOT on the Subject Property.

51.     Plaintiff alleges that the NOTE in this case and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Originator, LOANLINK to the Sponsor or to the Depositor or from the Depositor to the Trustee for the TRUST. Plaintiff further alleges, on information and belief, that the PSA herein provides that the mortgages were to be delivered to the TRUST, which files include the DOT.

52.     Plaintiff alleges that the following deficiencies exist, in the "True Sale" and securitization process as to this DOT which renders invalid any security interest in the DOT, including, but not limited to:

    a)  The splitting or separation of title, ownership and interest in the NOTE and DOT of which the original lender is the holder, owner and beneficiary of DOT;

    b)  When the loan was sold to each intervening entity, there were no Assignments of the DOT to or from any intervening entity at the time of the sale.  Therefore, "True Sales" could not and did not occur;

    c)  The failure to assign and transfer the beneficial interest in the DOT to Defendants, in accordance with the PSA of the Defendants, as Securitization Participants;

---

[1] The Originator is the lender who originally funded the loan; the Sponsor "collects" or "buys" the loans from different lenders, combines them, and then "sells" them to the Depositor; the Depositor "deposits" the loans into the Issuing Entity Trusts, and then, various bonds and certificates are sold; the Issuing Entity would be the "legal owner" of the Notes, though the actual documents would be held by Custodians.

d)  The failure to endorse and/or transfer the NOTE to Defendant, LASALLE, as Trustee for the TRUST, in accordance with the PSA and applicable law;

e)  No Assignments of Beneficiary or Endorsements of the NOTE to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no True Sales occurred as required under the PSA filed with the SEC; and

f)  Defendants violated the pertinent terms of the PSA.

53.     Plaintiff alleges that none of the parties to the securitization transaction, or any of the Defendants in this case, hold a perfected and secured claim in the Subject Property; and all Defendants are estopped and precluded from asserting a secured or unsecured claim against the Subject Property.

## SIGNIFICANCE OF MERS

54.     MERS has asserted itself as the beneficiary of this loan by attempting to assign a beneficiary interest in the DOT to JPMORGAN. MERS was created to eliminate the need for the executing and recording of assignment of mortgages, with the idea that MERS would be the mortgagee of record.  MERS is simply an "artificial" entity designed to circumvent certain law and other legal requirements dealing with mortgage loans. MERS never acquires actual physical possession of the mortgage Note, nor do they acquire any beneficial interest in the Note. In fact, MERS has testified in courts that it is not the beneficial owner of the Note. Another court ruled that MERS cannot be named as Plaintiff in any foreclosure on a mortgage loan owned or securitized by Fannie Mae. Multiple states have found that MERS is not the beneficiary under the DOT as a matter of law.

55.     Further, in a 2010 article, it was noted, "The foreclosure crisis has set its sights on MERS, the Mortgage Electronic Registration Systems, which files almost all of the foreclosures actions on behalf of lenders. The problem never anticipated by lenders is that the company has no legal standing to do such things. In addition they broke the law by not requiring a notarized document of transfer of title signed by the

seller and buyer. This is because they did not own the loans." Bob Chapman, *The Mortgage Securitization Scam.*" The Market Oracle. Oct 23 2010. Jan 8 2011. http://www.marketoracle.co.uk/Article23715.html.

56.     The existence of MERS indicates numerous violations of Unfair and Deceptive Acts and Practices due to the conflicting nature and identity of the servicer and the beneficiary. Each of these practices was intentionally designed to mislead the borrower and benefit the lenders. In the present case, because an assignment of the DOT occurred in the absence of the transfer and physical delivery of the NOTE, a nullity has occurred. The DOT is legally unenforceable by MERS or the other Defendants.

## FIRST CAUSE OF ACTION- VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5

57.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58.     Defendants have not used 'due diligence' to contact the Plaintiff 30 days prior to recording a NOD. Plaintiff could have been contacted with only nominal effort. Plaintiff was fully available to meet with Defendant to explore foreclosure options.

59.     Plaintiff's attempts to contact Defendants were unanswered prior to recording the NOD.

60.     Defendants failed to evaluate Plaintiff's finances prior to recording the NOD.

61.     Defendants failed to give Plaintiff a HUD, (United States Department of Housing and Urban Development), telephone number prior to the recording of the NOD.

62.     Defendants failed to advise Plaintiff of his right to meet with Defendants to discuss foreclosure avoidance options prior to the recording of their NOD.

63.     Defendants did not comply with the requirements of California Civil Code § 2923.5 because Defendants did not contact Plaintiff prior to the date Defendants recorded the NOD.

64.     If California Civil Code § 2923.5 is not complied with, then there is no valid NOD, and without a valid NOD, a foreclosure sale cannot proceed. *Skov v. U.S. Bank*, 143 Cal. Rptr. 3d 694, 700 (2012).

65.     The available, existing remedy is found in the ability of a court in § 2924g, subdivision (c) (1) (A), to postpone the sale until there has been compliance with § 2923.5. *Id.*

66.     The legislature intended to allow a private right of action under § 2923.5. *Id.* at 701.

## SECOND CAUSE OF ACTION-DECLARATORY RELIEF

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     An actual controversy has arisen and now exists between the Plaintiff and the Defendants specified *supra*, regarding their respective rights and duties regarding the NOTE and DOT, in that Plaintiff contends that Defendants do not have the right to foreclose on the Subject Property. Thus, the purported power of sale by the above specified Defendants no longer applies.

69.     Plaintiff alleges that Defendants dispute Plaintiff's contention and instead contend they may properly foreclose upon the Subject Property.

70.     Plaintiff requests this Court to determine that the purported power of sale contained in the NOTE and DOT has no force and effect at this time, because Defendants' actions in the processing and handling of PLAINTIFF's LOAN involved numerous violations of State and federal laws designed to protect borrowers. Plaintiff further requests that title to the Subject Property remain in his name and deem that any sale of the Property is "unlawful and void".

71.     Plaintiff desires a judicial determination and declaration as to whether, 1) Defendants are the holders or holder in due course of the NOTE, 2) Defendants are the legal beneficiaries under the DOT, 3) The Defendants have lost money as a result of PLAINTIFF's LOAN, 4) The certificate holders of the TRUST have lost money as a result of the PLAINTIFF's LOAN, 5) The originator, JPMORGAN has been paid in full, and 6) JPMORGAN's beneficiary interest in the NOTE and MORTGAGE was lawfully transferred and/or assigned, respectively, to the TRUST in accordance with the applicable law and the PSA.

72.     Additionally, Plaintiff requests a determination and declaration concerning the validity of the DOT as of the date the NOTE was transferred/negotiated without a concurrent assignation of the underlying security interest.

73.     Moreover, Plaintiff requests a determination and determination of whether any Defendants and the TRUST have authority and/or standing to foreclose on the Subject Property.

74.     Plaintiff therefore requests a judicial determination of the rights, obligations and interest of the parties with regard to the Subject Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Subject Property.

## THIRD CAUSE OF ACTION-INJUNCTIVE RELIEF

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     Plaintiff has no other remedy at law to enforce his right to exclusive possession of the Subject Property. Such an event as the sale of the Subject Property would result in irreparable injury to Plaintiff, who would lose the Subject Property along with considerable time, money and labor.

77.     For all the reasons stated, any further sale of the Subject Property by Defendants to a third party should be enjoined during the **pendency of this lawsuit**. Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time. Without it, Plaintiff would suffer irreparable loss before this Court can make its determination as to the rights and duties of the parties.

78.     Until Defendants are able to prove their right to foreclose, (perfected chain of title), this Court should enjoin any further sale of the Subject Property by Defendants.

79.     Defendants currently have scheduled a Non-Judicial foreclosure sale for July 1, 2013.

**FOURTH CAUSE OF ACTION - QUIET TITLE**

80.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     Plaintiff is entitled to equitable relief by a judicial decree and order declaring Plaintiff to be the title owner of record of the Subject Property as to the effective date of said cancellation, and quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem void, and avoiding any liens or encumbrances upon the Subject Property created by Defendants or by their putative predecessors, or by any of them.

82.     Plaintiff desires and is entitled to a judicial declaration quieting title to the Subject property in favor of the Plaintiff.

83.     Plaintiff declares that he is not an expert in the law but she does know right from wrong and intends no one harm by his word or deed. Therefore, if any human being is damaged by any statement(s) herein and inform Plaintiff of the facts, he will sincerely make every effort to amend her allegations. Plaintiff hereby reserves the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly concluded. If a party given notice by means of this document has information that would controvert and overcome this affidavit, he/she is respectfully requested to advise Plaintiff IN WRITTEN AFFIDAVIT FORM, sworn/affirmed true, correct, complete, and not misleading upon the Affiant's full commercial liability, within thirty (30) days from the receipt hereof, if Affiant can prove with particularity, by stating all requisite, evidentiary facts and all requisite, actual law—not mere ultimate facts and conclusions of law—that Plaintiff's declarations herein are substantially and materially false, sufficiently to alter materially their status and factual statements. Silence stands as consent to, and tacit approval of, the factual declarations herein being established as matters of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this court to enter judgment against Defendants, as follows:

A.      For postponement of the foreclosure sale of the property currently scheduled for July 1, 2013, until such time as Defendants comply with the provisions of California Civil Code § 2923.5;

B.      For an order compelling each of the Defendants to transfer or release legal title and any alleged encumbrances thereon, and possession of the Subject Property to the Plaintiff;

C.      For a declaration and determination that Plaintiff is the rightful holder of title to the Subject Property and that each of the Defendants be declared to 1) not be holders or holders in due course of the NOTE and 2) not be beneficiaries under the DOT;

D.      For a judgment forever enjoining each of the Defendants from claiming any estate, right, title or interest in the NOTE or DOT;

E.      Any and all remedies available based on Defendant's violations of federal and state statutes and regulations;

F.      For attorney's fees according to statutes;

G.      For actual and consequential damages;

H.      For costs of the suit herein incurred;

I.      For such other further relief as the court may deem just and proper.

//
//
//
//
//
//
//
//

Dated: _____, 2013.

**VERIFIED COMPLAINT**

1

2

3    Respectfully Submitted,

4

5

6    _Dennis M. Alford_____     06-25-13

7    Dennis M. Alford, Plaintiff Pro Se
     28125 Lobrook Dr.
8    Rancho Palos Verdes, CA 90275-3133

9                        **JURY TRIAL DEMANDED**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                        **VERIFICATION**
28

                            16
                    **VERIFIED COMPLAINT**

1     I, the undersigned Plaintiff, do solemnly swear; declare under penalty of perjury of the laws of

2  California and of the United States and state as follows:

3     To the best of my personal knowledge and belief, all the facts within this Complaint are true and

correct.

4     FURTHER, THE AFFIANT SAYETH NAUGHT

5     IN WITNESS WHEREOF, I hereunto set my hand and my seal, and hereby certify all the

6  statements made above are true, correct and complete.

7  DATED    **06 - 25 -**, 2013.

Respectfully Submitted,

Dennis M. Alford, Plaintiff Pro Se
28125 Lobrook Dr.
Rancho Palos Verdes, CA 90275-3133

17
**VERIFIED COMPLAINT**

# Exhibit A

## SPECIAL POWER OF ATTORNEY

I, Catherine C. Freeman, hereby appoint Dennis M. Alford, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This Power of Attorney is revoked and shall not be effective if I am incapacitated.

My Agent shall have full power and authority to act on my behalf but only to the extent permitted by this Special Power of Attorney. My Agent's powers shall include the power to:

> Institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me and my property in any way.

I hereby grant to my Agent the full right, power, and authority to do every act, deed, and thing necessary or advisable to be done regarding the above powers, as fully as I could do if personally present and acting.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney.

My Agent shall not be entitled to any compensation. My Agent shall not be entitled to reimbursement of expenses incurred as a result of carrying out any provision of this Power of Attorney.

This Power of Attorney shall become effective immediately. This Power of Attorney shall continue until December 31, 2013. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated _June 21_, _2013_, at _Inglewood_, California.


_Catherine C. Freeman_
Catherine C. Freeman

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ }

On _6/24/13_ before me, _ARTHUR E. DAWSON JR. NOTARY PUBLIC_
      Date                        Here Insert Name and Title of the Officer

personally appeared _CATHERINE C. FREEMAN_
                              Name(s) of Signer(s)

**[Notary seal:]**
ARTHUR E. DAWSON JR.
COMM. # 1889867
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES MAY 18, 2014

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Arthur Dawson_
                Signature of Notary Public

Place Notary Seal Above

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _SPECIAL POWER OF ATTORNEY_

Document Date: _6/21/13_                     Number of Pages: _ONE_

Signer(s) Other Than Named Above: _NONE_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _CATHERINE C. FREEMAN_

☐ Corporate Officer — Title(s): _____
☒ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____
_SELF_

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2009 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)                Item #5907

## *SPECIAL POWER OF ATTORNEY*

I, Denise R. Richey, hereby appoint Dennis M. Alford, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This Power of Attorney is revoked and shall not be effective if I am incapacitated.

My Agent shall have full power and authority to act on my behalf but only to the extent permitted by this Special Power of Attorney. My Agent's powers shall include the power to:

> Institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me and my property in any way.

I hereby grant to my Agent the full right, power, and authority to do every act, deed, and thing necessary or advisable to be done regarding the above powers, as fully as I could do if personally present and acting.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney.

My Agent shall not be entitled to any compensation. My Agent shall not be entitled to reimbursement of expenses incurred as a result of carrying out any provision of this Power of Attorney.

This Power of Attorney shall become effective immediately. This Power of Attorney shall continue until December 31, 2013. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated June 21th 2013, at Long Beach, California.

_Denise R. Richey_
Denise R. Richey

SEE ATTACHED ACKNOWLEDGEMENT (NP)

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of LOS ANGELES }

On 06/24/2013 before me, ISSY K TINDIMWEBWA, NOTARY PUBLIC
Date                                Here Insert Name and Title of the Officer

personally appeared DENISE R. RICHEY
                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Issy K Tindimwebwa_
                                Signature of Notary Public

**[Notary Seal]**
ISSY K. TINDIMWEBWA
Commission # 1871816
Notary Public - California
Los Angeles County
My Comm. Expires Nov 21, 2013

Place Notary Seal Above

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: SPECIAL POWER OF ATTORNEY

Document Date: JUNE 21st 2013                                Number of Pages: 1

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: DENISE R. RICHEY

☐ Corporate Officer — Title(s): _____
☒ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

---

© 2009 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)                                Item #5907

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself [X] ) | DEFENDANTS ( Check box if you are representing yourself [ ] ) |
|---|---|
| DENNIS M. ALFORD | LASALLE BANK NA, as Trustee, et. Al |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Dennis M. Alford, Plaintiff Pro Se<br>28125 Lobrook Dr. Rancho Palos Verdes, CA 90275-3133 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Unknown |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [ ] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [X] **MONEY DEMANDED IN COMPLAINT:** $ 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5; 2) DECLARATORY RELIEF; 3) INJUNCTIVE RELIEF; 4) QUIET TITLE; 28 USC § 1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:**<br>[ ] 463 Alien Detainee | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 510 Motions to Vacate Sentence | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | **TORTS** | [ ] 530 General | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY**<br>[ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/Accomodations | [ ] 740 Railway Labor Act | |
| | [ ] 220 Foreclosure | | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV 13-4728

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JACKSON, OREGON <br> COOK COUNTY, ILLINOIS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**   Denis Alford   DATE: June 28, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |