DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
ESTHER E. CHO, CASB No. 204526
esther.cho@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE,
SUCCESSOR IN INTEREST TO BANK OF AMERICA,
NATIONAL ASSOCIATION AS TRUSTEE AS
SUCCESSOR BY MERGER TO LASALLE BANK,
NATIONAL ASSOCIATION AS TRUSTEE FOR
WASHINGTON MUTUAL PASS THROUGH
CERTIFICATES WMALT SERIES 2007-OA2
(ERRONEOUSLY SUED HEREIN AS LA SALLE BANK,
NA,), JPMORGAN CHASE BANK, N.A. and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| DENNIS M. ALFORD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>1) LASALLE BANK NA, as Trustee for WASHINGTON MUTUAL PASS-THROUGH CERTIFICATES WMALT SERIES 2007-OA2; 2) JP MORGAN CHASE BANK NATIONAL ASSOCIATION; 3) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and 4) DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　　　　　　　Defendants. | Case No. CV13-4728<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR 12(b)(6) MOTION TO DISMISS**<br><br>Date:    January 27, 2014<br>Time:   10:00 a.m.<br>Place:   Courtroom 1600<br><br>Discovery Cutoff:  None Set<br>Motion Cutoff:      None Set<br>Trial Date:             None Set |

KYL_LB1653901.v2

1  Defendants JPMORGAN CHASE BANK, N.A. and MORTGAGE
2  ELECTRONIC REGISTRATION SYSTEMS, INC. (collectively, "Defendants")
3  hereby submit the following memorandum of points and authorities in support of their
4  Motion to Dismiss the Complaint of Plaintiff DENNIS M. ALFORD ("Plaintiff).

## I.
## INTRODUCTION

Plaintiff alleges various causes of action essentially alleging the wrongful foreclosure of his property in his verified complaint, but what he fails to mention is that Defendants never loaned any money to Plaintiff.  (*See* RJN Exh. 2, Deed of trust secured by the Subject Property indicating borrower is Densie Ritchey.)

The facts are therefore clear:  Plaintiff and Chase are not contractually bound by any loan agreement.  For this reason, and for the additional reasons set forth herein, all of Plaintiff's claims should be dismissed in their entirety.

## II.
## SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACT

The following are relevant to the allegations in the Complaint and are judicially noticeable facts set forth in the documents included in the concurrently filed Request for Judicial Notice ("RJN").

- The real property at issue in the Complaint (the "Subject Property") is commonly known as 28125 Lobrook Drive, Rancho Palos Verdes, California 90275. (Compl. ¶ 1.)
- Catherine C. Freeman, a widow and Denise R. Richey, a single woman as joint tenants obtained title to the Subject Property by a Grant Deed recorded on July 21, 2003 with the Los Angeles County Recorder's Office as instrument number 03-2065597.  (RJN, Ex. 1.)
- On or about October 2, 2006, Denise R. Richey, a single woman and Catherine Freeman, an unmarried woman as joint tenants obtained a residential loan

(the "Loan") in the amount of $980,000 secured by a Deed of Trust ("DOT") encumbering the Subject Property. The DOT was recorded with the Los Angeles County Recorder's Office on October 11, 2006 as instrument number 06-2255552. The DOT lists Loan Link Financial Services as the Lender, Ticor Title Company as the Trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Denise R. Richey and Catherine Freeman as the Borrowers. (RJN, Ex. 2.)

- An Assignment Deed of Trust was recorded on January 21, 2009, with the Los Angeles County Recorder's Office as instrument number 2009-0078330. It reflects that MERS grants assigns and transfers to LaSalle Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA2 Trust all beneficial interest under certain DOT dated 10/02/2006 executed by Denise R. Richey, a single woman and Catherine Freeman, an unmarried woman as joint tenants. (RJN, Ex. 3.)

- A Substitution of Trustee was recorded on January 21, 2009, with the Los Angeles County Recorder's Office as instrument number 20090078331 substituting California Reconveyance Company as Trustee of the DOT. (RJN, Ex. 4.)

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") in connection with the DOT and Loan was recorded on or about January 21, 2009 with the Los Angeles County Recorder's Office as instrument number 20090078332. The NOD indicates that as of January 02, 2009, the Loan was $19,904.79 in arrears. (RJN, Ex. 5.)

- Plaintiff Dennis Alford, an unmarried man, obtained title to the Subject Property by a Grant Deed recorded on or about March 20, 2009 with the Los Angeles County Recorder's Office as instrument number 2009-0408424. (RJN, Ex. 6.)

- A Notice of Trustee's Sale ("NOTS") in connection with the DOT was recorded on or about April 24, 2009, with the Los Angeles County Recorder's Office as instrument number 2009-0599092. (RJN, Ex. 7.)

- A Second Notice of Trustee's Sale ("Second NOTS") in connection

with the DOT was recorded on or about January 21, 2011, with the Los Angeles County Recorder's Office as instrument number 2011-0116989.  (RJN, Ex. 8.)

- A Third Notice of Trustee's Sale ("Third NOTS") in connection with the DOT was recorded on or about October 27, 2011, with the Los Angeles County Recorder's Office as instrument number 2011-1457482.  (RJN, Ex. 9.)

- A Fourth Notice of Trustee's Sale ("Fourth NOTS") in connection with the DOT was recorded on or about March 7, 2012, with the Los Angeles County Recorder's Office as instrument number 2012-0360486.  (RJN, Ex.10.)

- A Fifth Notice of Trustee's Sale ("Fifth NOTS") in connection with the DOT was recorded on or about May 31, 2013, with the Los Angeles County Recorder's Office as instrument number 2013-0817017.  (RJN, Ex. 11.)

## III.

## ARGUMENT

### A.   STANDARD FOR A MOTION TO DISMISS.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).  However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, quoting *Twombly*, 550 U.S. at 555.  Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitle-ment to relief." *Id.*  This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

1  As set forth herein, Plaintiff has not alleged facts to support the claims in
2  the Complaint and this Court should grant the Motion to Dismiss in its entirety.

### B. PLAINTIFF LACKS STANDING TO ASSERT A CLAIM BECAUSE HE IS NOT A BORROWER UNDER THE DOT.

"Under California law, 'every action must be prosecuted in the name of the real party in interest.'" *Trapp v. Chase Home Fin., LLC*, 2010 U.S. Dist. LEXIS 120232 (C.D. Cal. Nov. 12, 2010) citing CAL. CIV. PROC. CODE § 367. ("The question of standing to sue is one of the right to relief and goes to the existence of a cause of action against the defendant." (citations).) Where the complaint states a cause of action in someone, but not the plaintiff, a general demurrer for failure to state a cause of action will be sustained." *Phillips v. Crocker-Citizens Nat'l Bank*, 38 Cal. App. 3d 901, 910 (1974) (finding plaintiff who was not the borrower/trustor under a deed of trust with defendant-lender lacked standing to represent class members in suit against lender).

Here, Plaintiff lacks standing to assert his claims against Defendants because he is not the borrower under the DOT. (*See* RJN, Ex. 2.) Accordingly, he has no standing to challenge the NOD and NOTS since they specifically relate to the rights and obligations of the DOT. Accordingly, even "if each of the [defendants] was guilty of wrongdoing, it was not to [Plaintiff]. . . ." *See id.* at 908. Plaintiff was not the borrower under a deed of trust, nor was he the "assignee[] nor successor[] in interest of the trustor" under a deed of trust that is the subject of this lawsuit. *Block v. Tobin*, 45 Cal. App. 3d 214, 221 (1975). Therefore, he *cannot* be the "real party in interest" with standing to assert claims against Defendants. *See id.* Accordingly, Defendants' Motion to Dismiss should be granted in its entirety without leave to amend.

### C. THE JUDICIALLY NOTICEABLE DOCUMENTS SUPPORT DEFENDANTS' LIEN ON THE PROPERTY.

Each of Plaintiff's causes of action challenge Defendants' title to the property and standing to foreclose on generalized allegations that Defendants essentially failed to perfect any security interest in the Subject Property, or cannot prove to

the court they have a valid interest. In short, Plaintiff attempts to argue that Defendants do not have any interest in the DOT and could not have initiated non-judicial foreclosure proceedings against the Subject Property. However, the publicly recorded documents clearly confirm Defendants' authority to initiate non-judicial foreclosure proceedings.

Denise Ritchey and Catherine Freeman obtained a residential loan from Loan Link Financial Services in October 2006. (RJN, Ex. 3.) Details of the loan were memorialized in a promissory noted (the "Note") secured by the DOT. *Id.* The DOT names Loan Link as the Lender, Ticor Title Company as the trustee, MERS as the beneficiary and Denise R. Richey and Catherine Freeman as Borrowers. *Id.* MERS later assigned and transferred all beneficial interest under the DOT to LaSalle Bank, NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA2 Trust. (RJN, Ex. 4.) Accordingly, LaSalle Bank, as beneficiary of the DOT, had an unencumbered interest in the Subject Property and may thereby exercise its right to foreclose on the Subject Property under California's non-judicial foreclosure framework. *See Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238 (2005).

In addition, the DOT contains a power of sale clause, confirming that in the case of default, the lender may sell the property at public auction. It also confirmed that the lender has the power to name a substitute trustee (here, California Reconveyance Company), that the Note may be sold without prior notice to the Plaintiff, or that there may be changes to the loan servicer unrelated to a sale of the Note. *Id.* The borrower signed the DOT, agreeing to these terms. *Id.*

The public records confirm there was nothing defective or faulty with Defendants' right to initiate non-judicial foreclosure proceedings. Plaintiff does not and cannot make any allegations to the contrary. Furthermore, Plaintiff's allegations that none of the Defendants have authority to commence foreclosure proceedings due to improper securitization and improper assignments are simply unsupported.

### D. **PLAINTIFF'S NUMEROUS CLAIMS THAT DEFENDANTS ARE NOT ENTITLED TO FORECLOSE UPON THE SUBJECT PROPERTY ARE UNSUPPORTED.**

Plaintiff alleges that the Note was securitized into a trust purportedly without conforming to the trust's internal rules. Plaintiff further contends that, as a result of this securitization, the Note and DOT have been "split" and neither is enforceable. He further alleges that the Beneficiary and Trustee under the DOT have thus lost the power of sale and that any foreclosure exercising the power is wrongful and should be prevented. (*See generally* Compl. ¶¶ 15-53.) For the reasons discussed below, California courts have consistently rejected these contentions.

#### 1. **Defendants Are Not Required To Demonstrate Ownership Of The Promissory Note.**

California law does not require production of the original note to foreclose. *See* CAL. CIV. CODE §§ 2924 *et seq.* Plaintiff's argument in this regard was addressed and rejected by the court in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2001). In *Gomes*, the court noted that Civil Code section 2924(a)(1), which states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process, ***does not*** require that there be a judicial action to determine whether the person initiating the foreclosure process is in fact authorized to do so. 192 Cal. App. 4th at 1155–56. Further, the *Gomes* court stated that requiring the "recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.*

California's nonjudicial foreclosure scheme provides a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Under this framework, Defendants are not required to have ownership of the Note or

Subject Loan in order to foreclose on Plaintiff's property. *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440–41 (2012) ("We . . . see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."). California Civil Code section 2924(a)(1) states that a trustee, mortgagee, or beneficiary, or agent of any of them, may initiate foreclosure. Courts have expressly rejected the argument that beneficiaries have no authority to act pursuant to a deed of trust like the DOT. *See Gomes*, 192 Cal. App. 4th at 1157.

Therefore, to the extent that Plaintiff's allegations regarding attempts to base any cause of action on Defendants' alleged inability to produce the original note, Plaintiff's Complaint fails.

### 2. **Plaintiff Lacks Standing To Challenge The Pooling And Service Agreement Or The Securitization Of The Subject Loan.**

Plaintiff also alleges that Defendants failed to comply with the terms of the Pooling & Servicing Agreement ("PSA"). Plaintiff further claims that any and all assignments of the DOT are invalid. However, Plaintiff lacks standing to challenge the validity of the Defendants' right to foreclose due to alleged requirements in the servicing agreements between and among the banking entities named in this lawsuit.

Challenges to the lender's authority to enforce the terms of a loan on the grounds that it has been securitized, such as those made here by Plaintiff, have been addressed and uniformly rejected by courts throughout California. *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has been rejected by a number of district courts."). Indeed, Plaintiff's challenge to the securitization of the Subject Loan fails as a matter of law because Plaintiff does not have standing to make such a claim. *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248, at *18–19 (C.D. Cal. July 22, 2011) (dismissing plaintiff's challenge to the securitization process because plaintiff lacked standing). "[C]ourts . . . have summarily rejected

the argument that companies [like Chase] lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).

### 3. Plaintiff Has Not Alleged Facts Evidencing Prejudice.

Plaintiff's theories concerning securitization, improper assignment, or the PSA are insufficient to allege a lack of authority to foreclose, because he does not allege causation. *See Fontenot v. Wells Fargo Bank*, 198 Cal. App. 4th 256, 272 (2011) (Plaintiff failed to allege that the transfer "interfered in any manner with her payment of the note . . . nor that the original lender would have refrained from foreclosure under the circumstances presented. If [lender's nominee] indeed lacked authority to make the assignment, the true victim was not the plaintiff, but the original lender which would have suffered the unauthorized loss of a $1 million promissory note."). Plaintiff fails to state how the allegations interfere with the borrower's ability to make timely payments under the Subject Loan, or otherwise maintain compliance with the terms of the Subject Loan. In the absence of any such showing of prejudice, there is simply no basis for relief.

### E. PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 2923.5 FAILS.

California's Civil Code provides a framework for non-judicial foreclosure: the lender must first record a notice of default and once three months have elapsed, the lender must give notice of the planned foreclosure sale. CAL. CIV. CODE § 2924. Within this framework, section 2923.5 requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." CAL. CIV. CODE § 2923.5(a)(2). Plaintiff alleges that Defendants violated section 2923.5.

Here, the NOD reflects that the "beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the

1  borrower as required by California Civil Code 2923.5 or the borrower has surrendered
2  the property to the beneficiary or authorized agent, or is otherwise exempt from the
3  requirements of §2923.5." Courts have held that a claim under section 2923.5 fails
4  where a defendant included a Declaration of Compliance with section 2923.5 when
5  recording the NOD. *See, e.g.*, *Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist.
6  LEXIS 97672, at *49 (E.D. Cal. Aug. 31, 2011).

7  Indeed, in *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010), the
8  court asked and answered the following pertinent question: "Does a declaration in a
9  notice of default that tracks the language of section 2923.5, subdivision (b) comply with
10 [section 2923.5] even though such language does not on its face delineate precisely
11 which one of the three categories set forth in the declaration applies to the particular
12 case at hand? Yes." *Id.* at 214 (emphasis added). Because Defendants have satisfied
13 the requirements of section 2923.5, Plaintiff cannot maintain this claim.

### F. PLAINTIFF'S SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS.

16 Plaintiff seeks a declaration from the court relating to the ownership
17 interests of the Subject Property. First, Declaratory Relief is not a cause of action, but a
18 remedy that fails to the extent that the underlying claims fail. *Wornum v. Aurora Loan*
19 *Servs.*, 2011 U.S. Dist. LEXIS 89461, at *29 (N.D. Cal. Aug. 11, 2011), *applying Glue-*
20 *Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 (2000). A plaintiff is not
21 entitled to declaratory relief absent an independent, viable claim. *Lane v. Vitek Real*
22 *Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); *Phipps v. Wells*
23 *Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 10550, at *50–51 (E.D. Cal. Jan. 27, 2011).
24 Plaintiff's cause of action for declaratory relief fails because it is wholly derivative of
25 the other underlying claims in this action. As discussed above and below, Plaintiff's
26 claims are utterly baseless and should be dismissed. Accordingly, his declaratory relief
27 claim also fails.
28 ///

Second, an essential element of a cause of action for declaratory relief is the existence of an actual and present controversy must be pleaded specifically. 28 U.S.C. § 2201. General statements about controversy are useless. *Alturas v. Gloster*, 16 Cal. 2d 46, 48 (1940). It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating future rights and liabilities between parties. *See Cardellini v. Casey*, 181 Cal. App. 3d 389 (1st Dist. 1986) (emphasis added); *Bachis v. State Farm Mut. Auto. Ins. Co.*, 265 Cal. App. 2d 722 (2d Dist. 1968).

Plaintiff seeks a judicial determination and declaration of Plaintiff's and Defendants' respective rights and duties concerning ownership of the Property. Plaintiff's request for a judicial declaration is apparently intended to redress purported past wrongs. *See Tiburon v. Nw. Pac. R.R. Co.*, 4 Cal. App. 3d 160, 170 (1970). As such, declaratory relief is unnecessary and improper and Plaintiff's request for declaratory relief should not be granted.

### G. **PLAINTIFF'S THIRD CAUSE OF ACTION FOR INJUNCTIVE RELIEF FAILS.**

In Plaintiff's third cause of action, he alleges that "any further sale of the Subject Property to a third party should be enjoined during the **pendency of this lawsuit.**" (Complaint., ¶ 77.) An injunction can be issued only if a plaintiff demonstrates: (1) likelihood of success on the merits; (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage the injunction might cause to Defendants; and (4) that the injunction will not disserve the public interest. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).

One of the bases of Plaintiff's arguments for injunctive relief is that Defendants did not have the authority to foreclose. In *Gomes*, the court noted that Civil Code section 2924(a)(1), which states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process, notably does not require that there be a judicial action to determine whether the person initiating the

foreclosure process is in fact authorized to do so. 192 Cal. App. 4th at 1155–56. Further, the *Gomes* court stated that the "recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.*

California's nonjudicial foreclosure scheme provides a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Under this framework, Defendants were not required to have ownership of the Note in order to foreclose on Plaintiff's property. *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440–42 (Cal. App. 2012) (holding that "the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the fore-closure."). Further, California law does not require an assignment of beneficial interest to be recorded with respect to a deed of trust. *See* CAL. CIV. CODE §§ 2932, 2932.5; *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011) ("[Section 2932.5] does not apply when power of sale is conferred in a deed of trust rather than a mortgage"). Indeed, according to California Civil Code section 2924(a)(1), a "trustee, mortgagee, or beneficiary, or any of their authorized agents," may initiate the foreclosure process. Thus, any arguments regarding Defendants' standing to foreclose are without merit.

Not only are Plaintiffs' claims legally baseless, but they are factually baseless as well as set forth fully above in section E, infra. Thus, Plaintiff's request for injunctive relief is fatally flawed and subject to dismissal without leave to amend.

### H. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR QUIET TITLE FAILS.

To state a claim to quiet title, a plaintiff's complaint must be verified and contain: (1) a description of the property; (2) the title of the plaintiff and its basis;

1  (3) the adverse claims to that title; (4) the date as of which the determination is sought;
2  and (5) a prayer for relief of quiet title. CAL. CIV. PROC. CODE § 761.020. Plaintiff,
3  again, has not and, indeed, cannot meet these requirements.
4        It is well-settled that to quiet title a borrower must tender the entire out-
5  standing obligation due to the lender. *See Boschma v. Home Loan Ctr., Inc.*, 198 Cal.
6  App. 4th 230, 248 (2011) (a borrower must discharge any debt to quiet title). As
7  evidenced by the DOT, Plaintiff owes a debt on the Subject Property. (RJN, Ex. 2.)
8  Plaintiff has never attempted to tender the outstanding obligation and therefore,
9  Plaintiff's cause of action to Quite Title, fails.

## IV.

## **CONCLUSION**

Each claim alleged against Defendants fail to state facts sufficient to constitute a cause of action and there exists no reasonable possibility that amendment of the Complaint might cure the defect. As such, Defendants submit that this Motion to Dismiss should be granted in its entirety.

DATED: November 20, 2013

_____
DAVID D. PIPER
ESTHER E. CHO
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL
ASSOCIATION AS TRUSTEE AS
SUCCESSOR BY MERGER TO LASALLE
BANK, NATIONAL ASSOCIATION AS
TRUSTEE FOR WASHINGTON MUTUAL
PASS THROUGH CERTIFICATES
WMALT SERIES 2007-0A2
(ERRONEOUSLY SUED HEREIN AS LA
SALLE BANK, NA,), JPMORGAN CHASE
BANK, N.A. and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California, 90801-1730.

On **November 20, 2013**, I served the foregoing document described as **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR 12(B)(6) MOTION TO DISMISS** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Dennis M. Alford
28125 Lobrook Drive
Rancho Palos Verdes, CA 90275-3133

*Plaintiff In Pro Per*

☒ **BY UPS**: I caused such envelope(s), fully prepaid on account, to be placed within the custody of UPS at Long Beach, California. I am readily familiar with Keesal, Young & Logan's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Keesal, Young & Logan's business practice, the document described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it is placed at Keesal, Young & Logan for collection.

Executed on **November 20, 2013,** at Long Beach, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Pam Lopez