UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-13-4728-MWF (CWx) | Date:  January 21, 2014 |
| Title:  Dennis M. Alford -v- LaSalle Bank, N.A., et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [9]

     This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Dennis M. Alford's Complaint (the "Motion"). (Docket No. 9). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 27, 2014, is therefore vacated, and the matter is taken off calendar. For the reasons set forth below, the Motion is **GRANTED** *with leave to amend*.

     Plaintiff filed his Complaint on July 5, 2013. (Docket No. 3). The Complaint alleges that Defendants have wrongfully initiated foreclosure proceedings against Plaintiff's residence. The Complaint seeks (1) postponement of the foreclosure sale for Defendants' alleged failure to comply with section 2923.5 of the California Civil Code, (2) declaratory relief that Plaintiff is the legal owner of the property, and (3) an injunction preventing Defendants from claiming an interest in the property. (Compl. at 15). Defendants filed the present Motion on November 20, 2013.

     The Motion was originally noticed for hearing on January 27, 2014. Plaintiff's opposition to the Motion was therefore required on or before January 6, 2014. Local Rule 7-9. The failure to file opposing papers within the deadline may be deemed consent to the granting of the motion. Local Rule 7-12. Pursuant to this Rule, the Court construes Plaintiff's failure to file an opposition to the Motion as consent to the granting of the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-13-4728-MWF (CWx)**              **Date:  January 21, 2014**
**Title:**      Dennis M. Alford -*v*- LaSalle Bank, N.A., et al.

Furthermore, the Court notes that the Motion may be granted on substantive bases.  ***First***, Plaintiff lacks standing to protest Defendants' exercise of their right to foreclose on the property under the deed of trust because Plaintiff is not a borrower under the deed of trust.  (Compl. ¶ 12).  While Plaintiff appears to have acquired an interest in the property from Catherine C. Freeman and Denise R. Richey (Defendants' Request for Judicial Notice Ex. 6 (Docket No. 9-2)), Ms. Freeman and Ms. Richey remain the sole borrowers (*id.* Ex. 2).  ***Second***, section 2923.5 of the California Civil Code protects only the "borrower," rather than the owner or the resident, so Plaintiff cannot state a claim for violation of that statute.  ***Third***, Defendants appear to have authority to initiate foreclosure proceedings under the deed of trust notwithstanding Plaintiff's allegation that the securitization of Ms. Freeman's and Ms. Richey's loan divested Defendants of standing to foreclose on the property.  *See Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 439, 138 Cal. Rptr. 3d 830 (2012) ("[Sections 2924 through 2924k of the California Civil Code] set forth 'a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust. . . .'  Notably, section 2924, subdivision (a)(1), permits a notice of default to be filed by the 'trustee, mortgagee, or beneficiary, or any of their authorized agents.'" (citations omitted) (quoting *Moeller v. Lien*, 25 Cal. App. 4th 822, 830, 30 Cal. Rptr. 2d 777 (1994))).

Accordingly, the Motion is **GRANTED** *with leave to amend*.  The First Amended Complaint, if any, must be filed by **February 3, 2014**.  Failure to file the First Amended Complaint by that date will lead to dismissal for failure to prosecute.

The Court may not provide advice to any party, including persons who are not represented by a lawyer.  (Such persons are known as "pro se litigants.")  However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court.  The Clinic is administered by Public Counsel, a public interest law firm, and it is staffed by lawyers and a paralegal.  In order to benefit from the guidance that the Clinic may be in a position to provide, a pro se litigant has to go there directly.  The Pro Se Clinic is open to members of the public on Mondays, Wednesdays, and Fridays, and is open from 9:30 a.m. to 12:00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV-13-4728-MWF (CWx) | **Date:**  January 21, 2014 |
| **Title:**    Dennis M. Alford -*v*- LaSalle Bank, N.A., et al. | |

p.m. (noon) and from 2:00 p.m. to 4:00 p.m. Individuals seeking assistance are seen on a first-come, first-served basis. The clinic is located in Room G-19 on the ground floor of the U.S. Courthouse at 312 N. Spring Street, Los Angeles, California.

Although the Clinic does not provide assistance telephonically, a pro se litigant may call the Clinic to obtain further information. The telephone number is (213) 385-2977, ext. 270. Again, the Clinic does not provide any assistance over the telephone; the purpose of a telephone call would be only to get more information about the Clinic. In addition, the Court has information of importance to pro se litigants at the "Pro Se" link on its website, http://www.cacd.uscourts.gov.

IT IS SO ORDERED.